**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★    DEC 30 2011    ★

★    UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BROOKLYN OFFICE

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY AND DEERBROOK INSURANCE COMPANY, | Civil Action No._____ |
| *Plaintiffs,* | |
| vs. | |
| GERARD M. TANELLA, GREGORY SPEKTOR, INNA LYUBRONETSKAYA, GERARD M. TANELLA, ATTORNEY AT LAW, P.C. AND PROFESSIONAL BILLING SERVICES, | |
| *Defendants.* | |

CV 11 - 6364

AMON, CH.J.

POHORELSKY, M.J.

## PLAINTIFFS' COMPLAINT

The plaintiffs, Allstate Insurance Company, Allstate Indemnity Company, Allstate Property & Casualty Insurance Company, and Deerbrook Insurance Company (collectively "Allstate" and/or "plaintiffs"), by its attorneys, Smith & Brink, P.C., allege as follows:

## I.    INTRODUCTION

1.    This case is about a lawyer-for-hire, Gerard M. Tanella ("Tanella"), who, working in concert with (a) co-conspirators Gregory Spektor ("Spektor") and non-licensed business person, Inna Lyubronetskaya ("Lyubronetskaya") (collectively the "Management Defendants"), (b) their fraudulently incorporated professional service corporation, Gerard M. Tanella, Attorney at Law, P.C. ("PC Defendant"), and (c) unincorporated professional service firm, Professional

1

Billing Services ("Professional Billing") (collectively "defendants"), defrauded Allstate by perpetrating a billing fraud scheme in violation of state and federal law. Each of the individuals and entities listed above conspired with one another to accomplish and/or further the objectives of the scheme detailed herein.

2.      This action seeks actual damages in the amount of $44,284.37, representing attorney's fees that were improperly obtained from Allstate through a professional service corporation that was fraudulently incorporated, and that was, at all relevant times, operated and controlled by at least one non-licensed layperson in violation of New York law.

3.      The defendants submitted documents through the U.S. Mail to Allstate demanding payment of attorney's fees in connection with No-Fault litigation.

4.      The defendants' insurance fraud scheme was designed to and did, in fact, result in the payment of attorney's fees from Allstate to the defendants.

5.      By this pleading, Allstate brings claims against the defendants seeking money damages for (a) violations of the Federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962(c)-(d), (b) common law fraud, (c) unjust enrichment, and (d) unfair and deceptive business acts and practices under N.Y. Gen. Bus. Law § 349.

6.      Allstate seeks damages against the defendants, including: (a) compensatory damages; (b) treble damages pursuant to 18 U.S.C. § 1964(c); (c) interest; and (d) attorneys' fees.

7.      All of the acts and omissions of the defendants described throughout this Complaint were undertaken intentionally.

## II.   THE PARTIES

### A.   PLAINTIFFS

8.      Allstate Insurance Company, Allstate Indemnity Company, Allstate Property and Casualty Insurance Company and Deerbrook Insurance Company, are wholly-owned subsidiaries of The Allstate Corporation, an entity organized to exist under and by virtue of the laws of the State of Delaware.

9.      Allstate Insurance Company, Allstate Indemnity Company, Allstate Property and Casualty Insurance Company, and Deerbrook Insurance Company maintain their principal place of business in Northbrook, Illinois.

10.     Allstate Insurance Company, Allstate Indemnity Company, Allstate Property and Casualty Insurance Company, and Deerbrook Insurance Company are authorized to conduct business in the State of New York.

### B.   "PAPER OWNER" DEFENDANT

11.     Tanella resides in and is a citizen of the State of New York.

12.     At all times relevant, Tanella was licensed by the State of New York to practice law.

13.     Tanella (Registration No. 4145736) was admitted to practice law in the State of New York on October 22, 2003.

14.     Gerard M. Tanella, Attorney at Law, P.C. was incorporated under the laws of New York on March 23, 2006.

15.     In or around August 2007, Tanella was recruited by Spektor and unlicensed layperson Lyubronetskaya to establish his law firm at a different location, and to act as its "paper owner."

16. At the time Tanella entered into this agreement, he knew that Spektor was not license to practice law in the State of New York.

17. Tanella engaged in illegal fee-splitting with Spektor (prior to Spektor obtaining a licensed to practice law) and with Lyubronetskaya.

18. After Spektor obtained his license to practice law in the State of New York, Tanella continued to split attorney's fees with Spektor—who was neither a partner in, nor an associate of the PC Defendant—without properly executing necessary fee agreements.

### C. PC DEFENDANT

19. Gerard M. Tanella, Attorney at Law, P.C. is a professional service corporation with its principal place of business in the State of New York.

20. Tanella is the "paper owner" of the PC Defendant.

21. Tanella falsely reports to be the sole owner, officer and director of the PC Defendant; however, the law firm is actually owned and controlled by Spektor, unlicensed layperson Lyubronetskaya, and Professional Billing.

22. At all relevant times, in direct violation of New York's Code of Professional Responsibility, Disciplinary Rule ("DR") 1-107, the Management Defendants improperly controlled, managed and supervised, directly and/or indirectly through its owners, the PC Defendant's practice of law.

### D. MANAGEMENT DEFENDANTS

#### 1. Gregory Spektor

23. Spektor resides in and is a citizen of the State of New York.

4

24.     At the time Spektor and Professional Billing entered into agreement with Tanella to establish the PC Defendant at a different location, Spektor was not licensed to practice law in the State of New York.

25.     Spektor (Registration No. 4524500) was admitted to practice law in the State of New York in November of 2007.

26.     At no time after Spektor obtained his license to practice law in the State of New York did he become either a partner in, or associate of the PC Defendant.

27.     Spektor is an owner, administrator and/or employee of Professional Billing.

28.     Spektor—working in concert with Lyubronetskaya, an unlicensed layperson—exercised complete ownership, dominion and control over the law firm in exchange for a share of the legal fees paid to the PC Defendant by Allstate.

29.     Spektor also engaged in illegal fee-splitting with Lyubronetskaya, a non-lawyer.

**2.     Inna Lyubronetskaya**

30.     Lyubronetskaya resides in and is a citizen of the State of New York.

31.     Lyubronetskaya is an owner, administrator and/or employee of Professional Billing.

32.     Lyubronetskaya has never been a licensed legal professional.

33.     Lyubronetskaya has never been a certified public accountant or public accountant.

34.     Lyubronetskaya and Spektor exercised complete ownership, dominion and control over the law firm in exchange for a share of the legal fees paid to the PC Defendant by Allstate.

35.     Lyubronetskaya managed the PC Defendant's account receivables and further assumed control over the law firm's escrow account, as well as its operating account, including, but not limited to, control of all books and records.

36.     Section 6512 of New York's Education Law provides that it is a felony for an unlicensed person to practice a licensed profession.

### E.     UNINCORPORATED PROFESSIONAL SERVICE FIRM

#### 1.     Professional Billing Services

37.     Professional Billing maintains its principal place of business in the same office building as the PC Defendant, located at 293 Avenue S, Brooklyn, New York 11223.

38.     Spektor is an owner, administrator and/or employee of Professional Billing.

39.     Lyubronetskaya is an owner, administrator and/or employee of Professional Billing.

40.     According to the New York Department of State, there is no corporate record, including, but not limited to, Articles of Incorporation filed on behalf of Professional Billing Services.

41.     Upon information and belief, Professional Billing provides accounting, billing and/or management services to the PC Defendant.

42.     The practice of the profession of public accountancy includes offering to perform or performing any or all matters relating to accounting concepts and services including, but not limited to, accounting, management advisory, and financial advisory.

43.     Upon information and belief, Professional Billing is not a duly-formed professional service corporation under the laws of New York, and is therefore not authorized to provide accounting and/or billing services.

44.     Professional services, such as public accounting services, can only be offered by licensed persons or an organization otherwise authorized by law.

45.    Article 15 of New York's Business Corporation Law authorizes the formation of professional service corporations for the purpose of rendering certain professional services, in which all shareholders must be licensees of one profession and whose members practice only that profession.

46.    Since Professional Billing is not a duly-formed professional service corporation under the laws of New York, it is not permitted to enter into a contractual relationship with a law firm pursuant to DR 1-107.

47.    Since 2007, Professional Billing has been used as a tool to (a) illegally own and control the PC Defendant, and (b) illegally divert revenues generated by the PC Defendant through stipulations of settlement submitted to Allstate for attorney's fees received in connection with No-Fault litigation.

## III.    JURISDICTION AND VENUE

48.    Jurisdiction over this action is conferred upon this Court by 28 U.S.C. § 1331, 18 U.S.C. §§ 1962(c)-(d), and 18 U.S.C. § 1964.  Supplemental jurisdiction over the state law claims is proper under 28 U.S.C. § 1367.

49.    Venue is proper under 28 U.S.C. § 1391(c) whereas the vast majority of the wrongful acts known to Allstate as alleged herein with particularity were carried out within the Eastern District of New York.

## IV.    NO-FAULT LAWS

50.    Allstate underwrites automobile insurance in the State of New York.

51.    New York's No-Fault laws are designed to ensure that injured victims of motor vehicle accidents have an efficient mechanism to pay reasonable fees for necessary healthcare services.

52. Under New York's Comprehensive Motor Vehicle Insurance Reparations Act (N.Y. Ins. Law § 5101, *et seq.*), and the regulations promulgated pursuant thereto (11 NYCRR § 65, *et seq.*) (collectively "the No-Fault laws"), automobile insurers are required to provide Personal Injury Protection Benefits (hereinafter "No-Fault benefits") to Allstate claimants.

53. No-Fault benefits include up to $50,000.00 per Allstate claimant for reasonable expenses that are incurred for necessary healthcare goods and services.

54. A patient can assign his/her No-Fault benefits to healthcare providers.

55. Pursuant to a duly executed agreement, a healthcare provider may submit claims directly to an insurance company and receive payment for necessary medical services rendered, using the claim form required by the New York State Department of Insurance (known as "Verification of Treatment by Attending Physician or Other Provider of Health Service" or more commonly as an "NF-3").

56. Section 5106 of the New York State Insurance Law grants injured claimants and/or their assignees the option of submitting disputes for payment of first-party benefits to arbitration or filing lawsuits in court.

57. Pursuant to 11 NYCRR § 65-3.10, an applicant or assignee shall be entitled to recover their attorney's fees, for services necessarily performed in connection with securing payment, if a valid claim or portion thereof was denied or overdue.

58. Subpart 4.6 of 11 NYCRR § 65 establishes the amount of attorney's fees reimbursable by an insurer and sets forth limitations on the amount of attorney's fees that an insurer may be required to pay for services necessarily performed in the resolution of No-Fault disputes.

59.    When an attorney of an applicant or assignee commences a court action or initiates arbitration to resolve a claim dispute and receives an award of benefits, 11 NYCRR § 65-4.6(c) establishes that the minimum attorney's fees payable shall be sixty (60) dollars.

60.    Furthermore, 11 NYCRR § 65-4.6(e) states that for all other disputes subject to arbitration, which includes the initiation of court actions to resolve payment disputes, the attorney's fee shall be limited to twenty (20) percent of the amount of first-party benefits, plus interest thereon, subject to a maximum fee of eight hundred fifty (850) dollars.

61.    Any person or entity found to have committed a fraudulent insurance act is in direct violation of Section 403 of the New York Insurance Law and is subject to civil, as well as criminal, liability.

62.    For the purposes of Section 403 of the New York Insurance Law, a fraudulent insurance act is committed by any person who, knowingly and with intent to defraud presents, causes to be presented, or prepares with knowledge or belief that it will be presented to or by an insurer, any written statements as part of, or in support of, a claim for payment or other benefit pursuant to an insurance policy which he knows to (a) contain materially false information concerning any fact material thereto, or (b) conceal, for the purpose of misleading, information concerning any fact material thereto.

## V.    LICENSING STATUTES AND DISCIPLINARY RULES

63.    In New York, only a licensed attorney may (a) practice law, (b) own and control a professional service corporation authorized to practice law, (c) employ and supervise other attorneys, and (d) derive economic benefit from legal services.

64.     New York Business Corporation Law § 1504 provides that no professional service corporation may render professional services except through individuals authorized by law to render such professional services as individuals.

65.     Section 1507 of the Business Corporation Law of New York prohibits a professional service corporation from issuing shares to individuals unless they are "engaged in the practice of such profession in such a corporation."

66.     Section 1507 also prohibits such shareholder(s) from entering into agreement, granting proxies or transferring control to individuals who are not authorized by law to practice the profession in which the professional corporation is authorized to practice.

67.     Pursuant to Section 1508 of the Business Corporation Law of New York, no individual may be a director or officer of a professional service corporation unless he is authorized by law to practice in this state a profession which such corporation is authorized to practice.

68.     DR 1-107 of the New York Lawyer's Code of Professional Responsibility, permits lawyers to enter into interprofessional contractual relationships for the systematic and continuing provision of legal and non-legal professional services provided that the non-legal professional or non-legal professional service firm does not own, control, supervise or manage—directly or indirectly—in whole or in part, the practice of law by the lawyer or the law firm.

69.     Further, to assure that only appropriate professional services are involved, a contractual relationship for the provision of services is permitted under DR 1-107 only if the non-legal party thereto is a professional or professional service firm meeting appropriate standards as regards to ethics, education, training, and licensing.

70.     DR 2-107 prohibits—absent statutory exceptions not applicable in this case—a lawyer from dividing a fee for legal services with another lawyer who is not a partner in or associate of the lawyer's law firm, unless (a) the client consents to employment of the other lawyer after a full disclosure that a division of fees will be made, (b) the division is in proportion to the services performed by each lawyer or, by a writing provided by the client that each lawyer assumes joint responsibility for the representation, and (c) the total fee of the lawyers does not exceed reasonable compensation for all legal services they rendered to the client.

71.     Likewise, apart from statutory exceptions which are not applicable in this case, DR 3-101 provides that a lawyer shall not share legal fees with a non-lawyer.

72.     Pursuant to DR 1-102, a lawyer or law firm must not: (a) violate a Disciplinary Rule; (b) circumvent a Disciplinary Rule through actions of another; (c) engage in illegal conduct that adversely reflects on the lawyer's honesty, trustworthiness or fitness as a lawyer; (d) engage in conduct involving dishonesty, fraud, deceit, or misrepresentation; or (e) engage in any other conduct that adversely reflects on the lawyer's fitness as a lawyer.

## VI.     <u>DISCIPLINARY PROCEEDING</u>

73.     On May 12, 2011, the Appellate Division of the Supreme Court of the State of New York suspended Gerard Tanella from the practice of law, pursuant to 22 NYCRR § 691.4(l)(1)(ii) and (iii), upon a finding that he was guilty of professional misconduct immediately threatening the public interest based on substantial admissions he made under oath and other uncontroverted evidence. *See In the Matter of Gerard M. Tanella*, Decision & Order on Motion, decided on May 17, 2011 attached hereto at Exhibit 1, p. 1.

74.     The investigation by the Grievance Committee was commenced in response to seven (7) complaints filed against Tanella: (a) a notification dated October 27, 2008, from JP

Morgan Chase Bank, N.A., that Tanella's escrow check no. 1160 in the amount of $10,679.79 was returned for insufficient funds; (b) a complaint dated February 23, 2009, by Nelson Segarra, alleging neglect of his personal injury claim; (c) a complaint dated May 5, 2009, by Gertrude Friedman, alleging neglect of her medical malpractice action; (d) a complaint dated April 19, 2010, by Eddison M. Bridgeman, alleging neglect of his case against Lexus of Rockville Centre; (e) a complaint by Empire Settlement Funding, LLC, alleging misrepresentations made, and fraud committed by, Tanella in connection with a Law Firm Accounts Purchase Agreement entered into between the parties on May 27, 2009; (f) a complaint dated July 19, 2010, filed by TriStateQuickCash.com, Corp., regarding checks tendered by Tanella, which were returned for insufficient funds and/or because the account was closed; and (g) a complaint dated August 26, 2010, by Peachtree Financial Solutions, alleging that Tanella's misrepresentations caused it to provide funding for a case which has no possibility of recovery. *Id.* at p. 2.

75.     The proposed petition contained twenty-six (26) charges, alleging multiple violations of the Code of Professional Responsibility, including: (a) DR 1-102(A)(4) (engaging in conduct that involves dishonesty, fraud, deceit or misrepresentation); (b) DR 102(A)(7) (conduct that adversely reflects on an attorney's fitness as a lawyer); (c) DR 9-102(B), (D) and (E) (mismanagement and misappropriation of escrow funds); (d) DR 1-104(C) (failure to supervise conduct of non-lawyers); (e) DR 2-107 (sharing legal fees with a lawyer who is neither a partner in or associate or the law firm); and (f) DR 3-102 (sharing legal fees with non-lawyers). *Id.* at p. 4.

76.     The Grievance Committee's investigation revealed numerous escrow violations. Check No. 1160, which was made payable to "Professional Billing Services" in the amount of

$10,679.79 and drawn against Tanella's escrow account, was returned for insufficient funds on or about October 23, 2008. *Id.* at p. 3.

77. An audit of Tanella's bank statements revealed—and Tanella admitted—that funds entrusted to Tanella as a fiduciary were routinely deposited into his operating account, without explanation. *Id.*

78. Between August 2007 and May 2010, funds were routinely transferred by wire between Tanella's operating account and his escrow account, without explanation.

79. Tanella admitted that he kept no ledger book or similar record of deposits into and withdrawals from his escrow account. *Id.*

80. The Grievance Committee's investigation revealed that in or about August 2007, Tanella entered into an agreement with Professional Billing and/or Spektor. *Id.*

81. Tanella testified that Lyubronetskaya owned the building in which the PC Defendant and Professional Billing were located. *Id.*

82. Tanella testified that he was aware at the time he entered into agreement with Professional Billing, Spektor had not yet been admitted to the bar. *Id.*

83. Nonetheless, pursuant to the agreement, Spektor assumed control over the day-to-day operation of Tanella's law practice. *Id.*

84. Lyubronetskaya assumed control over the PC Defendant's escrow account, operating account, as well as its books and records. *Id.*

85. At the direction of Spektor and/or Lyubronetskaya, Tanella conducted No-Fault litigation on behalf of healthcare providers seeking reimbursement for medical services rendered to automobile accident patients. *Id.*

86.     Lyubronetskaya issued checks against said attorney's fees to the order of Spektor. *Id.*

87.     Lyubronetskaya also issued checks against said attorney's fees to the order of herself and/or Professional Billing.  *Id.*

88.     Tanella admitted that he engaged in wrongful conduct and conceded that a disciplinary action should have been commenced against him.  *Id.*

89.     Based on the foregoing, the Grievance Committee's motion was granted and Tanella was immediately suspended from the practice of law.  *Id.* at p. 5.

## VII.     FACTUAL ALLEGATIONS REGARDING ILLEGAL INCORPORATION OF THE PC DEFENDANT

90.     As discussed above, (a) the PC Defendant was actually owned, operated and controlled by at least one person not licensed to practice law, and (b) the PC Defendant engaged in illegal fee-splitting with at least one non-licensed layperson.

91.     The defendants implemented their fraud scheme whereby they collected thousands of dollars for attorney's fees through the PC Defendant, which was illegally owned and controlled by one or more unlicensed laypersons.

92.     To circumvent New York law, the Management Defendants entered into a secret scheme with Tanella in which they "purchased" his law license.

93.     In exchange for a salary, Tanella agreed to establish the PC Defendant at a location owned by the Management Defendants, and further agreed to serve as its nominal "paper owner."

94.     Pursuant to the agreement, Tanella falsely represented that he was the sole shareholder, director and officer of Gerard M. Tanella, Attorney at Law, P.C.; however, in actuality, Tanella had surrendered control of the PC Defendant to Spektor and Lyubronetskaya.

14

95.    All decision-making authority relating to the operation, and management of the PC Defendant was vested exclusively with Spektor, Lyubronetskaya and/or Professional Billing.

96.    Tanella played no role in the day-to-day operation, management, and/or control of the PC Defendant.

97.    Tanella neither managed the PC Defendant's accounting matters, nor maintained its escrow account, operating account, books or records.

98.    The defendants' plan was designed to and did, in fact, allow the Management Defendants to act as puppeteers, whereby they directed Tanella to conduct No-Fault litigation to recover payments on behalf of medical providers whose patients were automobile accident victims.

99.    Upon information and belief, while a majority of the attorney's fees were actually deposited into the accounts of the PC Defendant, the funds were, in large part, moved into the Management Defendants' accounts.

100.    The ownership and control of the PC Defendant by non-licensed and unqualified laypersons compromised the independent professional judgment of the law firm, as the provision of legal services by the PC Defendant was subject to the pecuniary interests of non-lawyers.

101.    Because the PC Defendant was, at all relevant times, (a) fraudulently incorporated, (b) used as a conduit to illegally split fees with at least one non-licensed layperson, and (c) owned or controlled by at least one unlicensed person, it was ineligible to pursue and collect attorney's fees for legal services rendered in connection with No-Fault litigation.

## A.    SPECIFIC EVIDENCE OF THE ILLEGAL INCORPORATION AND OPERATION OF THE PC DEFENDANT

102.    In or around August 2007, Tanella entered into an illicit agreement with Spektor, Lyubronetskaya and Professional Billing, pursuant to which Tanella established a law practice in

the same building location as Professional Billing, i.e., 293 Avenue S Street, Brooklyn, New York.

103.    Professional Billing is not an enumerated non-legal professional service firm permitted to enter into a contractual relationship with a law firm.

104.    Tanella knew that at the time he entered into the agreement with the Management Defendants, Spektor was not licensed to practice law in the State of New York.

105.    Nonetheless, pursuant to the agreement, Tanella knowingly permitted Spektor and Lyubronetskaya to assume complete ownership and control over the PC Defendant.

106.    Prior to Spektor obtaining a license to practice law (between August 2007 and November 2007), Tanella split attorney's fees with Spektor, a non-lawyer.

107.    After Spektor obtained his license to practice law in the State of New York, Tanella continued to split attorney's fees with Spektor —who was neither a partner in, nor associate of the PC Defendant—without properly executing necessary fee agreements in direct violation of DR 2-107.

108.    At all relevant times, Tanella also split attorney's fees with Lyubronetskaya, an unlicensed layperson.

109.    After obtaining his license to practice law in the State of New York, Spektor— working in concert with Lyubronetskaya and/or Professional Billing—continued to exercise total control over the PC Defendant's day-to-day operations.

110.    After obtaining his license to practice law, Spektor illegally split fees with Lyubronetskaya.

111.    Pursuant to the agreement between Tanella and the Management Defendants, Spektor—who was neither a partner in nor associate of the firm—and Lyubronetskaya would

manage the law firm and handle its day-today operations in exchange for a share of the firm's legal fees.

112.    Tanella also permitted Spektor, Lyubronetskaya and Professional Billing to control the law firm's financial and budgetary decisions relating to its legal practice.

113.    The Management Defendants maintained total authority over the PC Defendant's escrow account, operating account and financial records.

114.    The Management Defendants issued checks on Tanella's escrow and operating account, to which a stamp of Tanella's signature was affixed.

115.    True ownership and control of the PC Defendant rested entirely with the Management Defendants, who used the façade of the PC Defendant to do indirectly what they were forbidden from doing directly, namely: (a) employing an attorney; (b) controlling the PC Defendant's practice of law; and (c) charging for (and deriving an economic benefit from) its legal services.

116.    At the direction of the Management Defendants, Tanella conducted No-Fault litigation.

117.    Attorney's fees generated from the No-Fault litigation were deposited into the law firm's operating account.

118.    On April 15, 2010, Tanella testified that Lyubronetskaya did not write checks from the operating account.

119.    However, between August 2007 and November 2007, Lyubronetskaya issued checks against said attorney's fees to the order of Spektor, a non-lawyer.

120.     Upon information and belief, in violation of DR 2-107, Tanella and Spektor did not provide full disclosure to their clients that division of fees would be made and failed to obtain informed consent to allow the joint representation or the division of fees.

121.     Between August 2007 and May 2010, Lyubronetskaya issued checks against said attorney's fees to Spektor, absent any written fee agreements permitting the division of fees.

122.     Between August 2007 and May 2010, Lyubronetskaya issued checks against said attorney's fees to herself and/or Professional Billing.

123.     The PC Defendant is ineligible to receive payment for legal services rendered in connection with No-Fault litigation whereas it was, at all relevant times, (a) fraudulently incorporated, (b) used as a conduit to illegally split fees with at least one non-legal professional in direct violation of DR 3-102, and (c) owned and controlled by one or more unlicensed laypersons.

## VIII.       SPECIFIC ALLEGATIONS OF MAIL FRAUD RACKETEERING ACTIVITY

124.     The defendants created, prepared and submitted false documents and intentionally violated the laws of the United States by devising and intending to devise schemes to defraud and obtain money and property by means of false and fraudulent pretenses in representations, and by placing or causing to be placed in a post office and/or authorized depository for mail matter, things to be sent and delivered by the United States Postal Service, in violation of 18 U.S.C. § 1341 (mail fraud) for the purpose of executing such fraudulent schemes and attempting to do so.

125.     Unless otherwise pled to the contrary, all stipulations of settlement requesting payment for attorney's fees in connection with No-Fault litigation matters referenced throughout this pleading traveled through the U.S. Mail.

18

126.    Every transaction between the PC Defendant and Allstate involved at least one use of the U.S. Mail, including the mailing of, among other things, stipulations of settlement and settlement proceeds.

127.    The defendants either personally used the mails to further their fraudulent scheme by causing false documents to be mailed to Allstate and/or Allstate counsel, or acted with knowledge that the use of the mails would follow in the ordinary course of business.

128.    The defendants knew that their firm, an employee, or the plaintiff would use the mails in connection with each fraudulent legal document, including issuing payments based upon the defendants' fraudulent documentation.

129.    Allstate estimates that the defendants' fraudulent billing scheme generated hundreds of mailings.  A table highlighting selected samples of mail fraud arising from the defendants' client files is annexed hereto at Exhibit 2.

130.    The purpose of the post-litigation/arbitration/settlement mailings, such as the demands for payment and settlement proceeds, was entirely external to, and independent of, any of the disputes between litigants in the civil actions that were filed by the defendants in execution of their scheme.

131.    The defendants' repeated practice of presenting documents to Allstate, which materially misrepresented the ownership of the PC Defendant, was accomplished with the specific intent to defraud Allstate by seeking and collecting attorney's fees to which they were not entitled.

132.    The criss-cross of mailings should have been reasonably expected where the false stipulations of settlement were submitted to Allstate, were processed and ultimately paid, thereby making the fraud successful.

## IX.   ALLSTATE'S JUSTIFIABLE RELIANCE

133.   Through the submission of stipulations of settlement requesting payment for legal services, Tanella certified to Allstate that the PC Defendant was incorporated, owned and operated in compliance with New York law.

134.   As a licensed attorney, Tanella was obligated—both ethically and legally—to act with honesty and integrity in accordance with DR 1-102.

135.   At all relevant times, the defendants actively concealed from Allstate facts regarding the PC Defendant's ownership to prevent Allstate from discovering that the law firm was unlawfully incorporated, owned and controlled by a non-licensed layperson and a lawyer who was neither a partner in nor an associate of the PC Defendant, and therefore ineligible to collect attorney's fees for legal services rendered in connection with No-Fault litigation.

136.   At the time the PC Defendant submitted stipulations of settlement for payment of attorney's fees, Allstate reasonably believed that the actions of Tanella conformed with all applicable laws, and that he was bound by his avowed ethical obligations.

137.   The facially valid documents submitted to Allstate in support of the charges at issue—combined with the material misrepresentations described above—were designed to and, in fact, did induce Allstate to rely on the accuracy of such documents.

138.   In reliance on the representations made by Tanella and the PC Defendant, Allstate paid money to this illegal organized entity to its detriment.

139.   Based upon the defendants' concerted affirmative acts of concealment, Allstate did not discover, and could not reasonably have discovered, that its damages were attributable to the defendants' fraud until shortly before it filed this Complaint.

## X.      DAMAGES

140.    The defendants' pattern of fraudulent conduct injured Allstate in its business and property by reason of the aforesaid violations of state and federal law.  Although it is not necessary for Allstate to calculate damages with specificity at this stage in the litigation (whereas Allstate's damages continue to accrue), Allstate's injury includes, but is not limited to, compensatory damages for:

      a.   payments for legal services rendered in connection with No-Fault litigation commenced on behalf of healthcare providers seeking reimbursement for medical services provided to automobile accident victims eligible to receive No-Fault benefits in excess of $44,250.00, the exact amount to be determined at trial.  The table annexed hereto at Exhibit 3 and incorporated herein as if set forth in its entirety, identifies Allstate's payments to the PC Defendant in connection with attorney's fees determined to be fraudulent as of the filing of this Complaint; and

      b.   expenses incurred, to date, to defend the two hundred thirteen (213) claims currently pending in state court.

## XI.     CAUSES OF ACTION

### COUNT I
### VIOLATION OF 18 U.S.C. § 1962(c)
### (Against Gerard M. Tanella, Gregory Spektor, Inna Lyubronetskaya and Professional Billing Services)

141.    Allstate re-alleges, repleads and incorporates by reference all paragraphs set forth above as if fully set forth herein.

142.    In connection with each stipulation of settlement identified in plaintiffs' Complaint, the Count I Defendants intentionally caused to be prepared and mailed false legal documentation in connection with attorney's fees received from Allstate for No-Fault litigation, in furtherance of their scheme to defraud.

143.   The Count I Defendants employed one or more mailings to demand and/or receive payment on certain dates, including, but not limited to, those dates identified in the chart at Exhibit 2.

144.   Among other things, stipulations of settlement—demanding payment for attorney's fees—were delivered to Allstate through the U.S. Mail. Payments to the Count I Defendants traveled via the U.S. Mail.

145.   As a result of, and in reasonable reliance upon defendants' misrepresentations, Allstate issued payments to the PC Defendant, for the benefit of the Count I Defendants, that would not otherwise have been paid.

146.   The Count I Defendants' pattern of legal documentation, each appearing legitimate on their face, also prevented Allstate from discovering the fraudulent scheme for a long period of time, thus enabling them to continue without being detected.

147.   The acts set forth above constitute indictable offenses pursuant to 18 U.S.C. § 1341 (mail fraud).

148.   By submitting fraudulent documentation to Allstate in an ongoing scheme, the Count I Defendants engaged in a pattern of racketeering activity within the meaning of 18 U.S.C. § 1962(c).

149.   The activities alleged in this case had the intended effect of causing funds to be transferred from Allstate to the PC Defendant for the direct benefit of the Count I Defendants.

150.   Allstate (and all plaintiffs individually) is in the business of writing insurance and paying claims in the State of New York. Insurance fraud schemes practiced here and elsewhere have a deleterious impact on Allstate's overall financial well-being and adversely affect insurance rates.

22

151.     The PC Defendant constitutes an enterprise engaged in, and the activities of which affect, interstate commerce.

152.     The Count I Defendants associated with the foregoing enterprise, and participated—both directly and indirectly—in the conduct of this enterprise through a pattern of racketeering activities.

153.     Allstate is a "person" as defined by 18 U.S.C. § 1961(3), injured in its business or property by reason of the Count I Defendants' conduct.

154.     The Count I Defendants' conduct in violation of 18 U.S.C. § 1962(c) was the direct and proximate cause of Allstate's injury.

155.     By virtue of the Count I Defendants' violations of 18 U.S.C. § 1962(c), Allstate is entitled to recover from them three times the damages sustained by reason of false documents submitted by them, and others acting in concert with them, together with the costs of suit, including reasonable attorneys' fees.

## COUNT II
## CONSPIRACY UNDER 18 U.S.C. § 1962(d)
### (Against Gerard M. Tanella, Gregory Spektor, Inna Lyubronetskaya and Professional Billing Services)

156.     Allstate re-alleges, re-pleads and incorporates by reference all paragraphs set forth above as if fully set forth herein

157.     Defendants Tanella, Spektor, Lyubronetskaya and Professional Billing conspired with each other to violate 18 U.S.C. § 1962(c) through the operation of Gerard M. Tanella, Attorney at Law, P.C. ("PC Defendant").

158.     Defendants Tanella, Spektor, Lyubronetskaya and Professional Billing each agreed to participate in a conspiracy to violate 18 U.S.C. § 1962(c) by agreeing to conduct the

affairs of the PC Defendant by means of a pattern of racketeering activity, including numerous acts of mail fraud as set forth in Exhibit 2.

159.    The purpose of the conspiracy was to pursue and collect attorney's fees for legal services rendered in connection with No-Fault litigation on behalf of the PC Defendant, even though the PC Defendant, as a result of the defendants' unlawful conduct, was not eligible to collect such fees.

160.    Defendants Tanella, Spektor, Lyubronetskaya and Professional Billing were aware of this purpose, and agreed to take steps to meet the conspiracy's objectives, including the illegal ownership and control of the PC Defendant, and the creation of false legal documentation in connection with attorney's fees awards received from Allstate in connection with No-Fault litigation.

161.    Allstate has been injured in its business and property by reason of this conspiratorial conduct, whereas Allstate has been induced to make payments to the defendants that they were not legally entitled to collect, as a result of the defendants' unlawful conduct described herein.

162.    By virtue of this violation of 18 U.S.C. § 1962(d), defendants, Tanella, Spektor, Lyubronetskaya and Professional Billing, are jointly and severally liable to Allstate, and Allstate is entitled to recover from each of the defendants identified, three times the damages sustained by reason of the false documents submitted by the defendants, and others acting in concert with them, together with the costs of suit, including reasonable attorneys' fees.

## COUNT III
## FRAUD
### (Against All Defendants)

163.    Allstate re-alleges, re-pleads and incorporates by reference all paragraphs set forth above as if fully set forth herein.

164.    The defendants' scheme to defraud Allstate was dependent upon a succession of material misrepresentations of fact that the defendants were entitled to collect attorney's fees received in connection with No-Fault litigation under New York law.

165.    The misrepresentations of fact by the defendants included, but were not limited to, the material misrepresentations of fact made in defendants' stipulations of settlement.

166.    The defendants' representations were false, or required disclosure of additional facts to render the information furnished not misleading.

167.    The misrepresentations were intentionally made by the defendants in furtherance of their scheme to defraud Allstate by submitting invoices from a fraudulently-incorporated law firm for payment of attorney's fees.

168.    The defendants' misrepresentations were known to be false and were made for the purposes of inducing Allstate to make payments for attorney's fees that were not legitimate.

169.    Allstate reasonably relied upon such material misrepresentations to its detriment in paying numerous, inappropriate, and non-meritorious attorney's fees pursuant to representation of healthcare providers seeking reimbursement for medical services rendered to automobile accident patients.

170.    Allstate's damages include, but are not limited to:

   a.    Legal fees that were rendered by a law firm illegally practicing law; and

25

b.  Reimbursement for fair and reasonable value of the labor and resources expended, to date, to defend the two hundred thirteen (213) claims currently pending in state court.

## COUNT IV
## UNJUST ENRICHMENT
### (Against All Defendants)

171.    Allstate re-alleges, re-pleads and incorporates by reference all paragraphs set forth above as if fully set forth herein.

172.    When Allstate paid the PC Defendant, it reasonably believed that it was legally obligated to make such payments based upon the defendants' fraudulent misrepresentations and omissions.

173.    Allstate's payments constitute a benefit which the defendants aggressively sought and voluntarily accepted.

174.    The defendants caused the PC Defendant to wrongfully obtain payments from Allstate through their fraudulent billing scheme as described more fully in the paragraphs above.

175.    Retention of those benefits would violate fundamental principles of justice, equity and good conscience.

## COUNT V
## VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349
### (Against All Defendants)

176.    Allstate re-alleges, re-pleads and incorporates by reference all paragraphs set forth above as if fully set forth herein.

177.    The actions of the defendants constitute violations of New York General Business Law § 349.

178.    Each separate stipulation of settlement submitted to Allstate constituted a separate violation of General Business Law § 349.

179.   The defendants' deceptive acts were committed knowingly and maliciously with intent to deceive Allstate and the public.

180.   The defendants knew that their representations and/or omissions (or the representations/omissions they were facilitating), were deceptive and that they would be relied upon by Allstate.  Such representations included that (a) the PC Defendant was properly formed and operated as a matter of law, (b) a duly-licensed legal professional was the actual owner of the PC Defendant, and (c) the PC Defendant was not engaged in illegal fee-splitting with non-lawyers and/or lawyers who were neither partners in, nor associates of the law firm.

181.   The defendants' false claims were deceptive and misleading, and were relied upon by plaintiffs in making their payments for attorney's fees to the PC Defendant.

182.   Allstate has been damaged by defendants' actions in that Allstate made substantial payments for attorney's fees to the PC Defendant.

183.   Allstate is thus entitled to recover from the defendants the payments they made to the PC Defendant.  Allstate hereby requests the return of these payments from the defendants, plus interest and attorneys' fees.

184.   Allstate justifiably relied upon the defendants' deceptive acts, practices and representations in paying legal fees to the PC Defendant.  The defendants' fraudulent scheme was undertaken in the conduct of their business and in the furnishing of legal services in the State of New York, in violation of New York Gen. Bus. Law § 349(d).

185.   The defendants' materially deceptive acts and practices have (a) damaged Allstate by inducing it to pay thousands of dollars in fraudulent attorney's fees, (b) harmed consumers by causing an escalation in insurance premiums to cover the expenses incurred as a result of the defendants' fraud, and (c) harmed the public interest in general by placing in jeopardy the

welfare and security of anyone who seeks the services of the defendants, because the PC Defendant is not operated in accordance with New York law.

186.    By reason of the foregoing, Allstate has been damaged and injured in its business and property.  The damages chart annexed hereto at Exhibit 3, identifies all legal fees paid by Allstate to defendants since August 2007.  The plaintiffs are also entitled to an award of interest and reasonable attorneys' fees pursuant to Section 349(h) of the New York General Business Law.

**COUNT VI**
**DECLARATORY RELIEF UNDER 28 U.S.C. § 2201**
**(Against All Defendants)**

187.    Allstate re-alleges, re-pleads and incorporates by reference all paragraphs set forth above as if fully set forth herein.

188.    To be eligible to receive attorney's fees for legal services rendered, an attorney and/or professional legal corporation must adhere to all applicable New York statutes and regulations which grant the authority to provide legal services in New York.

189.    In view of its illegal corporate structure, illegal control by a non-lawyer, and unlawful fee-splitting with an unlicensed layperson, the PC Defendant has been operating in violation of New York's Insurance Laws and New York General Business Law § 349 (and other statutory provisions), and thus has no standing to submit or receive attorney's fees for legal services rendered in connection with No-Fault litigation.

190.    Stipulations of settlement demanding payment for attorney's fees submitted by the PC Defendant remain pending with the plaintiffs.

191.    The PC Defendant will continue to seek payment for legal services previously rendered absent a declaration by this Court that its activities are unlawful and that plaintiffs have no obligation to pay the pending bills submitted by the PC Defendant.

192.    Accordingly, Allstate requests a judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 declaring that the PC Defendant was fraudulently incorporated, illegally controlled by a non-licensed layperson, and engaged in illegal fee-splitting with a non-legal person in direct violation of New York's Insurance Laws, New York Business Corporation Laws, the New York Lawyer's Code of Professional Responsibility, and New York General Business Law § 349 (and other statutory provisions), and thus has no standing to submit or receive payment for attorney's fees.

## XII.    **DEMAND FOR RELIEF**

WHEREFORE, plaintiffs, Allstate Insurance Company, Allstate Indemnity Company, Allstate Property & Casualty Insurance Company, and Deerbrook Insurance Company (collectively "Allstate"), respectfully pray that judgment enter in their favor, as follows:

### COUNT I
### (Violation of 18 U.S.C. § 1962(c))

(a)    AWARD Allstate's actual and consequential damages to be established at trial;

(b)    AWARD Allstate treble damages pursuant to 18 U.S.C. § 1964, interests, costs and attorneys' fees; and

(c)    GRANT all other relief this Court deems just.

### COUNT II
### (Violation of 18 U.S.C. § 1962(d))

(a)    AWARD Allstate's actual and consequential damages to be established at trial;

(b)     AWARD Allstate treble damages, interests, costs and reasonable attorneys' fees; and

(c)     GRANT all other relief this Court deems just.

## COUNT III
### (Fraud)

(a)     AWARD Allstate its actual and consequential damages in an amount to be determined at trial; and

(b)     GRANT any other relief this Court deems just.

## COUNT IV
### (Unjust Enrichment)

(a)     AWARD Allstate's actual and consequential damages to be determined at trial; and

(b)     GRANT any other relief this Court deems just.

## COUNT V
### (New York General Business Law § 349)

(a)     AWARD Allstate its actual and consequential damages in an amount to be determined at trial;

(b)     AWARD Allstate its reasonable attorneys' fees pursuant to § 349(h); and

(c)     GRANT any other relief this Court deems just.

## COUNT VI
### (Declaratory Judgment)

(a)     DECLARE that the PC Defendant is operating in violation of Article 15 of New York's Business Corporation Law, New York Insurance Laws, and New York General Business Law § 349, and other statutory provisions;

(b)     DECLARE that the PC Defendant's activities were unlawful;

(c)     DECLARE that Allstate has no obligation to pay pending bills for attorney's fees submitted by the PC Defendant; and

(d)     GRANT all other relief this Court deems just and appropriate.

## JURY TRIAL DEMAND

The plaintiffs demand a trial by jury on all claims.

Respectfully Submitted,

**SMITH & BRINK, P.C.**

Richard D. King, Jr. (RK8381)
Nathan A. Tilden (NT0571)
Jasmine G. Vieux (JG1805)
1325 Franklin Avenue, Suite 320
Garden City, NY 11530
(347) 710-0050

Attorneys for the Plaintiffs,
*Allstate Insurance Company, Allstate Indemnity Company,*
*Allstate Property & Casualty Insurance Company, and*
*Deerbrook Insurance Company.*

Dated: December ___, 2011

# Supreme Court of the State of New York
## Appellate Division: Second Judicial Department

M119468
E/ct

A. GAIL PRUDENTI, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
PETER B. SKELOS
MARK C. DILLON, JJ.

2010-11445

DECISION & ORDER ON MOTION

In the Matter of Gerard M. Tanella,
an attorney and counselor-at-law.

Grievance Committee for the Second,
Eleventh, and Thirteenth Judicial
Districts, petitioner;
Gerard M. Tanella, respondent.

(Attorney Registration No. 4145736)

Motion by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts for an order: (1) suspending the respondent from the practice of law, pursuant to 22 NYCRR 691.4(l)(1)(ii) and (iii), upon a finding that he is guilty of professional misconduct immediately threatening the public interest based on substantial admissions he made under oath and other uncontroverted evidence of professional misconduct; (2) authorizing the Grievance Committee to institute and prosecute a disciplinary proceeding against the respondent based upon the allegations set forth in a petition dated December 3, 2010; (3) directing the respondent to answer the petition; and (4) referring the issues raised to a Special Referee to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on October 22, 2003.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

ORDERED that the motion is granted; and it is further,

ORDERED that pursuant to 22 NYCRR 691.4(l)(1)(ii) and (iii), the respondent, Gerard M. Tanella, is immediately suspended from the practice of law in the State of New York, pending further order of the Court; and it is further,

May 12, 2011

Page 1.

MATTER OF TANELLA, GERARD M.

ORDERED that the respondent, Gerard M. Tanella, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further

ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Gerard M. Tanella, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

ORDERED that the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts is hereby authorized to institute and prosecute a disciplinary proceeding in this Court, against Gerard M. Tanella, based on the petition dated December 3, 2010; and it is further,

ORDERED that Diana Maxfield Kearse, Chief Counsel, Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, Renaissance Plaza, 335 Adams Street - Suite 2400, Brooklyn, N.Y. 11201-3745, is hereby appointed as attorney for the petitioner in such proceeding; and it is further,

ORDERED that within 20 days after service upon him of a copy of this order, the respondent, Gerard M. Tanella, shall serve an answer upon the petitioner and the Special Referee, and shall file the original answer with this Court; and it is further,

ORDERED that the issues raised by the petition and any answer thereto are referred to Honorable Herbert Altman, a retired Justice of the Supreme Court, Kings County, 333 East 23rd Street, Apt. 4D, New York, N.Y. 10010, as Special Referee to hear and report, together with his findings on the issues, and to submit a report within 60 days after the conclusion of the hearing or the submission of post-hearing memoranda; and it is further,

ORDERED that if the respondent, Gerard M. Tanella, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10(f).

We find, prima facie, that the respondent is guilty of professional misconduct immediately threatening the public interest based upon substantial admissions he has made under oath that he has committed acts of professional misconduct and other uncontroverted evidence of professional misconduct.

The investigation by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts was commenced in response to seven complaints filed against the respondent: (1) a notification dated October 27, 2008, from JPMorgan Chase Bank, N.A., that the respondent's escrow check No. 1160 in the amount of $10,679.79 was returned for insufficient funds; (2) a complaint dated February 23, 2009, by Nelson J. Segarra, alleging neglect of his personal injury

May 12, 2011                                                                 Page 2.

MATTER OF TANELLA, GERARD M.

claim; (3) a complaint dated May 5, 2009, by Gertrude Friedman, alleging neglect of her medical malpractice action; (4) a complaint dated April 19, 2010, by Eddison M. Bridgeman, alleging neglect of his case against Lexus of Rockville Centre; (5) a complaint by Empire Settlement Funding, LLC (hereinafter Empire), alleging misrepresentations made, and fraud committed by, the respondent in connection with a Law Firm Accounts Purchase Agreement entered into between the parties on May 27, 2009; (6) a complaint dated July 19, 2010, filed by TriStateQuickCash, Corp (hereinafter Tristate), regarding checks tendered by the respondent, which were returned for insufficient funds and/or because the account was closed; and (7) a complaint dated August 26, 2010, by Peachtree Financial Solutions (hereinafter Peachtree), alleging that the respondent's misrepresentations caused it to provide funding for a case which had no possibility of recovery.

The respondent, represented by counsel, appeared for Examinations under Oath at the Grievance Committee's offices on four dates: March 18, 2010, April 15, 2010, July 8, 2010, and July 29, 2010. In connection with the Grievance Committee's investigation, the respondent's bank records were subpoenaed and audited, and several bank accounts were identified: an escrow account, an operating account, a business account, and a personal account.

The Grievance Committee's investigation revealed numerous escrow violations. Check No. 1160, which was made payable to "Professional Billing Services" in the amount of $10,679.79 and drawn against the respondent's escrow account, was returned for insufficient funds on or about October 23, 2008. An audit of the respondent's bank statements revealed, and the respondent confirmed at his Examination under Oath, that funds entrusted to the respondent as a fiduciary were routinely deposited into his operating account without explanation. Between August 2007 and May 2010, funds were routinely transferred by wire between the respondent's operating account and his escrow account, without explanation. The respondent admitted that he kept no ledger book or similar record of deposits into and withdrawals from his escrow account.

The Grievance Committee's investigation established that in or about August 2007, the respondent entered into an agreement with Professional Billing Services and/or Gregory Spektor, pursuant to which the respondent established his law practice in the same building location as Professional Billing Services, i.e., 293 Avenue S, in Brooklyn. The respondent testified that Inna Lyubronetskaya owned the building. The respondent also admitted that he was aware at the time that Spektor had not yet been admitted to the bar. Nonetheless, pursuant to the agreement, Spektor assumed control over the day-to-day operation of the respondent's law practice. Meanwhile, Lyubronetskaya assumed control over the respondent's escrow account, as well as his operating account, including, but not limited to control of all books and records. Lyubronetskaya issued checks on both the respondent's escrow and operating account, to which she affixed a stamp of the respondent's signature.

At the direction of Spektor and/or Lyubronetskaya, the respondent conducted no-fault litigation to recover payments on behalf of medical providers whose patients ostensibly had been involved in automobile accidents. In return, the respondent became a salaried employee of his own law practice. Attorney's fees generated by the no-fault litigation were deposited into the respondent's operating account. Between August 2007 and November 2007, Lyubronetskaya issued checks against said attorney's fees to the order of Spektor, a non-attorney. Between August 2007 and May

May 12, 2011                                                                                          Page 3.

MATTER OF TANELLA, GERARD M.

2010, Lyubronetskaya issued checks against said attorney's fees to herself and/or Professional Billing Services. On April 15, 2010, the respondent testified falsely that: (1) Lyubronetskaya was a "friend" who assisted him at his request with his accounts, while also preparing checks for his signature on the escrow account; (2) he personally reviewed and signed the escrow account checks prepared for him by Lyubronetskaya; and (3) Lyubronetskaya did not write checks for the operating account.

Separate and apart from the respondent's law office practices, the respondent admitted that he neglected several client matters. During 2007 and 2008, he neglected matters involving Nelson J. Segarra, Eddison M. Bridgeman, and Gertrude Friedman. Not only did the respondent neglect these cases, but he admitted that he engaged in deceitful conduct to cover up his neglect, e.g., by advising his client or others of a settlement when there was, in fact, no settlement, fabricating court orders and other documents to mislead his client into believing there was a settlement, or issuing checks representing alleged settlement proceeds knowing that there were insufficient funds to cover those checks.

In the case of Gertrude Friedman, the respondent admitted that he lacked the requisite experience to handle her medical malpractice action and failed to associate himself with an attorney who could handle it. He admittedly made misrepresentations to the Grievance Committee that he conducted settlement negotiations on Ms. Friedman's behalf, when he had not done so.

Furthermore, in 2007, 2008, and 2009, the respondent entered into funding agreements with TriState, Peachtree, and Empire, predicated on the contemplated settlements of claims by Karen Yuabov and/or Ms. Friedman. Karen Yuabov's claim was in a "no-pay status" because the insurer suspected fraud. Not only did the respondent obtain funding based on misrepresentations, but he subsequently made additional misrepresentations that the case(s) had settled when, in fact, there were no settlements, fabricated court documents, and issued checks knowing there were insufficient funds to cover the checks. Empire commenced a civil action against the respondent and obtained a default judgment against him in the amount of $161,431.51. The respondent has neither satisfied the judgment nor moved to vacate it. Moreover, he issued a check to Empire, knowing that he had insufficient funds to cover the check.

The proposed petition, containing 26 charges, alleges multiple violations of the Code of Professional Responsibility DR 1-102(A)(4)(engaging in conduct involving honesty, fraud, deceit or misrepresentation); DR 1-102(A)(7)(conduct that adversely reflects on an attorney's fitness as a lawyer); DR 9-102 (B),(D) and (E) (mismanagement and misappropriation of escrow funds); DR 1-104(C) (failure to supervise conduct of nonlawyers); DR 3-102 (sharing legal fees with nonlawyers); DR 6-101(A)(1) (competency); DR 6-102(A)(3) (neglect); and rule 8.4(c)(d) and (h) of the Rules of Professional Conduct.

The respondent admits that he engaged in wrongful conduct and concedes that a disciplinary proceeding should be commenced against him. However, he opposes any interim suspension. Contrary to the Grievance Committee's allegations that he willfully associated himself with a corrupt enterprise, the respondent maintains that he was deceived and taken advantage of by unscrupulous individuals. Under the stress and trauma of having his law firm literally taken from him, he neglected his personal injury cases. He expresses extreme remorse, and asks only that the Court

bear in mind his physical limitations inasmuch as he suffers from cerebral palsy.

Based on the foregoing, the Grievance Committee's motion is granted, the respondent is immediately suspended from the practice of law, pursuant to 22 NYCRR 691.4(I)(1)(ii) and (iii), pending further order of this Court, the Grievance Committee is authorized to institute and prosecute a disciplinary proceeding against him, and the matter is referred to a Special Referee to hear and report.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and DILLON, JJ., concur.

ENTER:

*Matthew G. Kiernan*

Matthew G. Kiernan
Clerk of the Court

Exhibit 2

| Claim Number | Initials | Date | From | To | Contents |
|---|---|---|---|---|---|
| 3634577724.1 | | 7/8/2009 | Gerard Tanella | Allstate | Stipulation of Discontinuance |
| 4144787950 | | 7/15/2009 | Gerard Tanella | Allstate | Stipulation of Discontinuance |
| 4816434718.1 | | 7/8/2009 | Gerard Tanella | Allstate | Stipulation of Discontinuance |
| 4816457941.1 | | 7/8/2009 | Gerard Tanella | Allstate | Stipulation of Discontinuance |
| 4816484721.1 | | 7/15/2009 | Gerard Tanella | Allstate | Stipulation of Discontinuance |
| 4816537791.2 | | | Gerard Tanella | Allstate | Re: Stipulation of Discontinuance |
| 4816537791.2 | | 7/22/2009 | Gerard Tanella | Allstate | Stipulation of Discontinuance |
| 4816570644.1 | | 7/15/2009 | Gerard Tanella | Allstate | Stipulation of Discontinuance |
| 8140501910.1 | | 7/8/2009 | Gerard Tanella | Allstate | Stipulation of Discontinuance |
| 8140501910.1 | | 6/16/2009 | Nick D'Ermilio | Jeannette Velez | E-mail re: settlement |
| 3635655800.1 | | 1/4/2011 | Gerard Tanella | Theda Broady | Stipulation of Discontinuance with Prejudice |
| 3635655800.1 | | 1/4/2011 | Gerard Tanella | Theda Broady | Stipulation of Discontinuance with Prejudice |
| 3635655800.1 | | 1/4/2011 | Gerard Tanella | Theda Broady | Stipulation of Discontinuance with Prejudice |
| 3635655800.1 | | | | | Stipulation of Settlement |
| 2126980792.2 | | 12/15/2010 | Gregory Spektor | Allstate | Stipulation of Discontinuance |
| 4145309649 | | 3/25/2009 | Gerard Tanella | Theda Broady | Stipulation of Withdrawal Without Prejudice |
| 4145309649 | | 8/20/2010 | Julie Lyubimova | Allstate | Stipulation of Settlement and Discontinuance |
| 4145350964 | | 7/22/2008 | Gerard Tanella | Allstate | Re: settlement agreement |

Exhibit 3

| Date | Check Number | Payor | Payable to | Address | Amount | Notes |
|---|---|---|---|---|---|---|
| 12/4/07 | 194230839 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $164.73 | In payment of payment for fees DOS 061107 |
| 1/16/08 | 140368440 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $888.29 | In payment of payment for atty/filing fees |
| 2/13/08 | 100265899 | Deerbrook Insurance Company | Gerard Tanella, Esq | 293 Avenue S Brooklyn, NY 11223 | $605.69 | In payment of atty fees and costs index #154943/04 File # N/A |
| 2/13/08 | 104226086 | Deerbrook Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $319.40 | In payment of atty fees and costs Index #154942/07 File # N/A |
| 3/14/08 | 134216781 | Allstate Property and Casualty Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $350.79 | In payment of payment for atty fees File No. 144994/07 |
| 3/24/08 | 174274310 | Allstate Property and Casualty Insurance Company | Gerard Tanella, Esq | 293 Avenue S Brooklyn, NY 11223 | $222.28 | In payment of atty fees and costs Index # 144911/07 |
| 3/28/08 | 130318925 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $257.44 | In payment of attorney & filing fee Refreshing Acup a/a/o Patsy Maughan Index 140078/07 |
| 3/28/08 | 134219042 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $246.48 | In payment of attorney fee Refreshing Acup a/a/o Shanna Blake Index 133821/07 |
| 3/28/08 | 134219134 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $269.80 | In payment of attorney & filing fee Refreshing Acup a/a/o Wanda Magliore Index 133832/07 |
| 4/11/08 | 520899598 | Allstate | Gerard Tanella, Esq | 293 Avenue S Brooklyn, NY 11223 | $278.78 | In payment of atty/filing fees #017539/08 |
| 4/22/08 | 127223017 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $368.60 | In payment of attorney & filing fee Refreshing Acup a/a/o Pierre Fleurelien Index 13382/07 |

| 4/23/08 | 137232459 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $444.80 | In payment of attorney & filing fee D&H Rehab a/a/o Shanna Blake Index 012421/08 |
|---------|-----------|----------------------------|----------------------------------|--------------------------------|---------|----------------------------------------------------------------------------------|
| 5/2/08 | 187334262 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $149.63 | In payment of attorney and filing fee Concept Med Supp a/a/o Richard Puccio Index No. 0142990/07 |
| 5/5/08 | 197318994 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $741.80 | In payment of payment for fees File #24253/08 |
| 5/6/08 | 107214246 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue SBrooklyn, NY 11223 | $166.88 | In payment of atty fees and cost Index #130926/07 DOS 10/17/01 |
| 5/12/08 | 164328399 | Deerbrook Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $522.00 | In payment of atty fees and costs Index #154954/07 File No. 10147 DOS N/A |
| 5/14/08 | 147334954 | Allstate Insurance Company | Gerard Tanella, Esq | 293 Avenue S Brooklyn, NY 11223 | $145.00 | In payment of atty & filing fee Index #0142986/07 |
| 5/15/08 | 107218444 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $145.00 | In payment of payment for atty fees File No. N/A |
| 5/29/08 | 144313305 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $332.93 | In payment of payment for atty fees File No. 17552/07 |
| 6/6/08 | 137247799 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $316.72 | In payment of payment of summons File No. 040808/08 |
| 6/27/08 | 127240925 | Allstate Property and Casualty Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $536.97 | In payment of payment for atty fees file no. 017546/08 |
| 6/30/08 | 170463804 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $430.40 | In payment of payment for atty fees File No. 66124/06 |
| 7/3/08 | 180471556 | Allstate Property and Casualty Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $184.06 | In payment of attorney & filing fees in the matter of Lynbrook Medical, PC Index #070887/08 |

| 7/10/08 | 100321096 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $304.77 | In payment of full & final settlement of attorney fess/costs |
|---------|-----------|-----------------------------|---------------------------------|----------------------------------|---------|-------------------------------------------------------------|
| 7/10/08 | 177372069 | Allstate Property and Casualty Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $312.39 | In payment of full & final settlement of attorney fess/costs |
| 7/14/08 | 521031155 | Allstate | Gerard Tanella, Esq | 293 Avenue S Brooklyn, NY 11223 | $298.31 | In payment of atty and filing fees Index 30020/08 |
| 7/24/08 | 114251626 | Allstate Property and Casualty Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $391.77 | In payment of paymnet of fees |
| 7/29/08 | 180484037 | Allstate Property and Casualty Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $145.00 | In payment of payment for fees file 050615 |
| 7/30/08 | 154339939 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue SBrooklyn, NY 11223 | $145.00 | In payment of atty fees and costs Index #040809/08 File # N/A |
| 7/31/08 | 177382941 | Allstate Insurance Company | Gerard Tanella, Esq | 293 Avenue S Brooklyn, NY 11223 | $163.17 | In payment of loss on 2/25/08 |
| 8/5/08 | 167391975 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $425.79 | In payment of payment for fees |
| 8/7/08 | 100332565 | Allstate Property and Casualty Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $203.45 | In payment of payment for fees |
| 8/21/08 | 197367910 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $183.99 | In payment of payment for fees Index #154939/07 |

| 8/21/08 | 197367911 | Allstate Property and Casualty Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $65.00<br>In payment of atty fees and costs Index #050617/08 DOS 09/18-02/21/08 File #245285 | |
|---|---|---|---|---|---|---|
| 8/22/08 | 177393132 | Allstate Property and Casualty Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $145.00 | In payment of attorney & filing fee in the matter of Integral Acupuncture, PC Index 089894 |
| 9/9/08 | 157372985 | Allstate Property and Casualty Insurance Company | Gerard Tanella, Esq | 293 Avenue S Brooklyn, NY 11223 | $145.00 | In payment of goods or services rendered on behalf of Michael J. Pagan |
| 9/18/08 | 107262934 | Allstate Insurance Company | Gerard Tanella, Esq | 293 Avenue S Brooklyn, NY 11223 | $441.30 | In payment of goods or services rendered on behalf of Luis Dominguez |
| 9/26/08 | 107267092 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $302.69 | In payment of full & final settlement of attorney fess/costs |
| 10/9/08 | 127276820 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $145.00 | In payment of payment for fees |
| 10/13/08 | 134276693 | Allstate Property and Casualty Insurance Company | Gerard Tanella, Esq | 293 Avenue S Brooklyn, NY 11223 | $212.70 | In payment of goods or services rendered on behalf of William Araujo |
| 10/13/08 | 167428480 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $145.00 | In payment of goods or services rendered on behalf of Willbert Vanrossum |
| 10/14/08 | 154377578 | Allstate Indemnity Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $435.64 | In payment of fees for services rendered 097975/08 |
| 10/21/08 | 117290289 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue SBrooklyn, NY 11223 | $161.36 | In payment of atty fees and costs Index #097971/08 File # N/A |

| 10/29/08 | 100358521 | Allstate Property and Casualty Insurance Company | Gerard Tanella, Esq | 293 Avenue S Brooklyn, NY 11223 | $293.80 | In payment of goods or services rendered on behalf of Omar Nisimov |
| 10/29/08 | 157396644 | Allstate Property and Casualty Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $145.00 | In payment of goods or services rendered on behalf of Viktor Andrusewech |
| 10/31/08 | 137291446 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $145.00 | In payment of payment for fees Index #004470107 |
| 11/3/08 | 154388872 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $182.70 | In payment of Index Number 130928/07 |
| 11/5/08 | 187431420 | Allstate Insurance Company | Gerard Tanella, Esq | 293 Avenue S Brooklyn, NY 11223 | $463.11 | In payment of goods or services rendered on behalf of Eva Zeitlin |
| 11/10/08 | 521031155 | Allstate | Gerard Tanella, Esq | 293 Avenue S Brooklyn, NY 11223 | $298.31 | In payment of fees and atty filing index # 30021/08 |
| 11/11/08 | 154392211 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $266.60 | In payment of settlement of Index 65693/06 atty and filing fees |
| 11/18/08 | 150507206 | Allstate Indemnity Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $353.60 | In payment of Index #134856/06 |
| 11/25/08 | 117297645 | Allstate Insurance Company | Gerard Tanella, Esq | 293 Avenue S Brooklyn, NY 11223 | $438.48 | In payment of goods or services rendered on behalf of Elena Mancini |
| 11/25/08 | 117297646 | Allstate Insurance Company | Gerard Tanella, Esq | 293 Avenue S Brooklyn, NY 11223 | $853.30 | In payment of goods or servuces rendered on behalf of Ralph Mancini |
| 12/1/08 | 100366349 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $314.97 | In payment of payment for fees Index #081675 |

| 12/16/08 | 521031419 | Allstate | Gerard Tanella, Esq | 293 Avenue S Brooklyn, NY 11223 | $266.50 | In payment of atty and filing fees |
| 12/22/08 | 167463282 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $145.00 | In payment of loss on 5/30/08 |
| 12/22/08 | 167463283 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue SBrooklyn, NY 11223 | $317.54 | In payment of loss on 3/17/08 |
| 12/22/08 | 167463284 | Allstate Property and Casualty Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $145.00 | In payment of loss on 6/1/08 |
| 12/30/08 | 130412016 | Allstate Property and Casualty Insurance Company | Gerard Tanella, Esq | 293 Avenue S Brooklyn, NY 11223 | $156.00 | In payment of goods or services rendered on behalf of Tony K. Heath |
| 12/31/08 | 170542549 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $269.98 | In payment of atty fees and costs Index # N/A DOS 2/2/08 |
| 1/30/09 | 120356219 | Allstate Property and Casualty Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $304.71 | In payment of goods or services rendered on behalf of Sonya Bangiyeva |
| 2/3/09 | 137324516 | Allstate Insurance Company | Gerard Tanella, Esq | 293 Avenue S Brooklyn, NY 11223 | $153.62 | In payment of goods or services rendered on behalf of Salvatore Fiduccio |
| 2/10/09 | 154430421 | Allstate Property and Casualty Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $145.00 | In payment of loss on 4/14/08 |
| 2/18/09 | 180580643 | Allstate Property and Casualty Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $196.25 | In payment of loss on 3/9/08 |

| 2/18/09 | 521031915 | Allstate | Gerard Tanella, Esq | 293 Avenue S Brooklyn, NY 11223 | $145.00 | In payment of atty and filing fees Index #083446 |
|---------|-----------|----------|---------------------|--------------------------------|---------|--------------------------------------------------|
| 2/19/09 | 177469542 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $390.39 | In payment of loss on 3/17/08 |
| 3/10/09 | 107324487 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $399.49 | In payment of goods or services rendered on behalf of Gail L. Harris |
| 3/17/09 | 164458198 | Allstate Property and Casualty Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $452.26 | In pymt of attorney/filing fee in re: Brownsville Family Medical PC  Index #081653/08 |
| 3/17/09 | 521035213 | Allstate | Gerard Tanella, Esq | 293 Avenue S Brooklyn, NY 11223 | $265.75 | In payment of fees and costs index #035607 |
| 3/20/09 | 130434870 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $193.31 | In payment of payment for fees Index #31603/06 |
| 3/20/09 | 187493173 | Allstate Indemnity Company | Law Office of Gerard Tanella, PC | 293 Avenue SBrooklyn, NY 11223 | $505.80 | In payment of Index #154965/07 |
| 3/23/09 | 140550002 | Allstate Insurance Company | Gerard Tanella, Esq | 293 Avenue S Brooklyn, NY 11223 | $586.40 | In payment of loss on 1/31/08 |
| 3/23/09 | 170582957 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $406.00 | In payment of payment for atty fees |
| 3/26/09 | 154450750 | Allstate Insurance Company | Gerard Tanella, Esq | 293 Avenue S Brooklyn, NY 11223 | $478.00 | In payment of goods or services rendered on behalf of Crystal White |
| 3/27/09 | 107333643 | Allstate Insurance Company | Gerard Tanella, Esq | 293 Avenue S Brooklyn, NY 11223 | $307.40 | In payment of goods or services rendered on behalf of Salvatore Fiduccio |

| 4/8/09 | 144458344 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $191.05 | In payment of attorney fee Orient Health Care a/a/o Patsy Maughan Index No. 140089/09 |
|---|---|---|---|---|---|---|
| 4/20/09 | 100408408 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $145.00 | In payment of payment for fees Index #0142964/07 |
| 4/21/09 | 160573475 | Allstate Property and Casualty Insurance Company | Gerard Tanella, Esq | 293 Avenue S Brooklyn, NY 11223 | $203.62 | In payment of loss on 4/20/08 |
| 4/22/09 | 170598341 | Allstate Property and Casualty Insurance Company | Gerard Tanella, Esq | 293 Avenue S Brooklyn, NY 11223 | $161.38 | In payment of loss on 4/20/08 |
| 5/1/09 | 160580393 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $328.83 | In payment of loss on 11/4/08 |
| 5/7/09 | 100413413 | Allstate Indemnity Company | Gerard Tanella, Esq | 293 Avenue S Brooklyn, NY 11223 | $278.32 | In payment of loss on 7/13/08 |
| 5/15/09 | 177508540 | Allstate Property and Casualty Insurance Company | Gerard Tanella, Esq | 293 Avenue S Brooklyn, NY 11223 | $1.232.90 | In payment of loss on 8/26/08 |
| 5/15/09 | 177508541 | Allstate Insurance Company | Gerard Tanella, Esq | 293 Avenue S Brooklyn, NY 11223 | $145.00 | In payment of loss on 9/15/08 |
| 6/2/09 | 177517064 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $631.37 | In payment of atty fees and costs Index # N/A DOS N/A Fule #026252 |
| 6/4/09 | 154483757 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue SBrooklyn, NY 11223 | $217.96 | In payment of attorney fee Refreshing Acup a/a/o Pierre Fleurelien Index No. 020589/08 |

| 6/5/09 | 107359635 | Allstate Property and Casualty Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $212.70 | In payment of loss on 8/20/08 |
|---|---|---|---|---|---|---|
| 6/9/09 | 180631603 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $192.30 | In payment of payment for fees Index # 0142980/07 DOS 3/17/03 Our File # 2EC218040 |
| 6/10/09 | 144476393 | Allstate Property and Casualty Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $183.16 | In payment of loss on 10/15/08 |
| 6/22/09 | 150606480 | Allstate Insurance Company | Gerard Tanella, Esq | 293 Avenue S Brooklyn, NY 11223 | $248.87 | In payment of attorney & filing fee Elena Ocher Med a/a/o Antoinette Bonadonna Index No. 033521/09 |
| 6/24/09 | 194475146 | Allstate Insurance Company | Gerard Tanella, Esq | 293 Avenue S Brooklyn, NY 11223 | $246.74 | In payment of attorney and filing fee D&S Med Rehab a/a/o Ernst Jean Baptiste Index No. 010983 |
| 7/9/09 | 187544504 | Allstate Indemnity Company | Gerard Tanella, Esq | 293 Avenue S Brooklyn, NY 11223 | $441.42 | In payment of loss on 7/13/08 |
| 7/27/09 | 197525567 | Allstate Insurance Company | Gerard Tanella, Esq | 293 Avenue S Brooklyn, NY 11223 | $355.47 | In payment of loss on 7/17/08 |
| 7/30/09 | 197529446 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $294.59 | In payment of loss on 10/10/08 |
| 8/4/09 | 150622201 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $531.00 | In payment of atty fees and costs Index #012365 File # N/A |
| 8/5/09 | 134355448 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $145.00 | In payment of loss on 8/4/08 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 8/26/09 | 140613998 | Allstate Insurance Company | Gerard Tanella, Esq | 293 Avenue S Brooklyn, NY 11223 | $397.38 | In payment of loss on 1/31/08 |
| 8/31/09 | 124387575 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $145.00 | In payment of loss on 5/30/08 |
| 8/31/09 | 144509346 | Allstate Property and Casualty Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $171.92 | In payment of attorney & filing fee Point of Health Acup a/a/o Ilya Kaliner Index No. 138980/07 |
| 8/31/09 | 144509347 | Allstate Property and Casualty Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue SBrooklyn, NY 11223 | $145.19 | In payment of attorney & filing fee Point of Health Acup a/a/o Irina Kaliner Index No. 138980/07 |
| 9/3/09 | 147568879 | Allstate Property and Casualty Insurance Company | Gerard Tanella, Esq | 293 Avenue S Brooklyn, NY 11223 | $145.00 | In payment of payment for fees |
| 9/17/09 | 184550764 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $145.00 | In payment of loss on 1/23/09 |
| 9/28/09 | 184554558 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $718.17 | In payment of Index #1435/07 |
| 11/24/09 | 197574583 | Allstate Indemnity Company | Gerard Tanella, Esq | 293 Avenue S Brooklyn, NY 11223 | $145.00 | In payment of atty/filing fee File #3962 Index #010494/07 |
| 11/24/09 | 197574762 | Allstate Insurance Company | Gerard Tanella, Esq | 293 Avenue S Brooklyn, NY 11223 | $257.62 | In payment of atty/filing fee File #2413 Index #004480/07 |
| 12/1/09 | 127407590 | Allstate Property and Casualty Insurance Company | Law Office of Gerard Tanella. PC | 293 Avenue S Brooklyn, NY 11223 | $505.00 | In payment of goods or services rendered on behalf of Harold Semexan |

| 12/16/09 | 130517439 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $181.00 | In payment of payment for fees DOS 5/22/06-6/10/06 Index #004468/07 |
|---|---|---|---|---|---|---|
| 12/23/09 | 147619124 | Allstate Indemnity Company | Gerard Tanella, Esq | 293 Avenue S Brooklyn, NY 11223 | $145.00 | In payment of goods or services rendered on behalf of Carlos Parraled-Merino |
| 1/8/10 | 177613482 | Allstate Property and Casualty Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $400.42 | In payment of payment for fees |
| 2/16/10 | 184604818 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $389.30 | In payment of loss on 3/11/08 |
| 2/25/10 | 130539760 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $646.36 | In payment of payment for fees |
| 3/15/10 | 177634983 | Allstate Property and Casualty Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $578.22 | In payment of attorney and filing fee D&H Rehab a/a/o Damien Moore Index No. 057224/08 |
| 3/15/10 | 177634984 | Allstate Property and Casualty Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $252.82 | In payment of attorney & filing fee Promed Durable Equipment a/a/o Damien Moore No. 003382/08 |
| 4/7/10 | 120490232 | Allstate Insurance Company | Gerard Tanella, Esq | 293 Avenue SBrooklyn, NY 11223 | $166.35 | In payment of payment for atty fee and filing fee on Index #021328 |
| 4/7/10 | 184623867 | Allstate Insurance Company | Gerard Tanella, Esq | 293 Avenue S Brooklyn, NY 11223 | $191.51 | In payment of payment for atty fee and filing fee on Index #021269 |
| 4/7/10 | 184623945 | Allstate Insurance Company | Gerard Tanella, Esq | 293 Avenue S Brooklyn, NY 11223 | $154.02 | In payment of payment for atty fee and filing fee on Index #021327/08 |

| 4/8/10 | 140713513 | Allstate Property and Casualty Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $614.60 | In payment of loss on 1/20/08 |
|---|---|---|---|---|---|---|
| 4/8/10 | 157629634 | Allstate Property and Casualty Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $302.69 | in payment of attorney & filing fee Promed Durable Equipt a/a/o Rondell Cleveland Index No. 08219/08 |
| 4/13/10 | 170759055 | Allstate Property and Casualty Insurance Company | Gerard Tanella, Esq | 293 Avenue S Brooklyn, NY 11223 | $157.83 | In payment of loss on 9/30/2008 |
| 4/15/10 | 107462906 | Allstate Property and Casualty Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $145.00 | In payment of loss on 2/17/08 |
| 4/15/10 | 114442617 | Allstate Insurance Company | Gerard Tanella, Esq | 293 Avenue S Brooklyn, NY 11223 | $145.00 | In payment of loss on 9/4/08 |
| 4/15/10 | 174601225 | Allstate Property and Casualty Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $145.00 | In payment of attorney fee Promed Durable Equipt a/a/o Rondell Cleveland Index No. 096065/08 |
| 4/26/10 | 194586482 | Allstate Property and Casualty Insurance Company | Gerard Tanella, Esq | 293 Avenue S Brooklyn, NY 11223 | $237.83 | In payment of loss on 11/7/08 |
| 5/3/10 | 177655752 | Allstate Property and Casualty Insurance Company | Gerard Tanella, Esq | 293 Avenue S Brooklyn, NY 11223 | $316.72 | In payment of payment for fees Index # 117370/08 File # 2BN267750 |
| 5/14/10 | 521155028 | Allstate | Gerard Tanella, Esq | 293 Avenue S Brooklyn, NY 11223 | $280.85 | In payment of atty and filing fees Index #083957/08 |

| 5/18/10 | 184641303 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $797.80 | In payment of attorney and filing fee Blumenthal Chiro a/a/o Lucy Nunez Index No. 106198/08 |
|---|---|---|---|---|---|---|
| 5/18/10 | 184641321 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $614.60 | In payment of attorney and filing fee Blumenthal Chiro a/a/o Lucy Nunez Index No. 106190/08 |
| 5/18/10 | 197649558 | Allstate Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue SBrooklyn, NY 11223 | $431.40 | In payment of attorney & filing fee Blumenthal Chiro a/a/o Lucy Nunez Index No. 106188/08 |
| 5/25/10 | 190756874 | Allstate Property and Casualty Insurance Company | Law Office of Gerard Tanella, PC | 293 Avenue S Brooklyn, NY 11223 | $568.56 | In payment of loss on 2/13/08 |
| 7/14/10 | 177685750 | Allstate Insurance Company | Gerard Tanella, Esq | 293 Avenue S Brooklyn, NY 11223 | $155.81 | In payment of payment for fees File #358 Index #140068 |
| 8/27/10 | 174651707 | Allstate Insurance Company | Law Office of Gerard Tanella PC | PO Box 350104 Brooklyn, NY 11235 | $453.20 | In payment of in settlement of attorney & filing fees on index #050405-07 Foster Diag a/a/o Claude Raymond |
| 9/13/10 | 157699227 | Allstate Property and Casualty Insurance Company | Gerard M. Tanella | 2517 86th St Brooklyn, NY 11214 | $308.60 | In payment of loss on 3/26/10 |
| 9/13/10 | 157699228 | Allstate Property and Casualty Insurance Company | Gerard M. Tanella | 2517 86th St Brooklyn, NY 11214 | $303.60 | In payment of loss on 3/25/10 |
| 9/29/10 | 521172286 | Allstate Insurance Company | Gerard M. Tanella | 2517 86th St Brooklyn, NY 11214 | $206.89 | In payment of legal fees |
| 11/10/10 | 110614277 | Allstate Property and Casualty Insurance Company | Gerard M. Tanella | 2517 86th St Brooklyn, NY 11214 | $422.01 | In payment of loss on 3/26/10 |

| 11/24/10 | 170866694 | Allstate Property and Casualty Insurance Company | Gerard M. Tanella | 2517 86th St Brooklyn, NY 11214 | $189.00 | In payment of loss on 6/31/10 |
|---|---|---|---|---|---|---|
| 12/28/10 | 184733014 | Allstate Property and Casualty Insurance Company | Gerard M. Tanella | 6 Water St Ste 302 New York, NY 10004 | $409.22 | In payment of payment for fees index #083979/08 |
| 1/18/11 | 117529413 | Allstate Insurance Company | Gerard M. Tanella | 2517 86th St Brooklyn, NY 11214 | $339.10 | In payment of loss on 5/8/10 |
| 1/25/11 | 147790191 | Allstate Property and Casualty Insurance Company | Gerard M. Tanella | 2517 86th St Brooklyn, NY 11214 | $225.30 | In payment of payment for fees index #108194/2008 |
| 4/14/11 | 180942293 | Allstate Insurance Company | Gerard M. Tanella | 2517 86th St Brooklyn, NY 11214 | $143.00 | In payment of loss on 7/20/10 |
| 4/19/11 | 117563383 | Allstate Insurance Company | Gerard M. Tanella | 2517 86th St Brooklyn, NY 11214 | $427.73 | In payment of loss on 6/7/10 |
| 4/20/11 | 170928708 | Allstate Property and Casualty Insurance Company | Gerard M. Tanella | PO Box 290325Brooklyn, NY 11229 | $277.00 | In payment of index 107686/08 |
| 4/20/11 | 170928710 | Allstate Property and Casualty Insurance Company | Gerard M. Tanella | PO Box 290235 Brooklyn, NY 11229 | $277.00 | In payment of index 107682/08 |
| 4/20/11 | 170928711 | Allstate Property and Casualty Insurance Company | Gerard M. Tanella | PO Box 290235 Brooklyn, NY 11229 | $277.00 | In payment of index 107681/08 |
| | | | | **Total:** | **$44,284.37** | |