UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ALLSTATE INSURANCE COMPANY,
ALLSTATE INDEMNITY COMPANY,
ALLSTATE PROPERTY & CASUALTY
INSURANCE COMPANY, and DEERBROOK
INSURANCE COMPANY,

      Plaintiffs,

- against -

GERARD M. TANELLA, GREGORY SPEKTOR,
INNA LYUBRONETSKAYA, GERARD M.
TANELLA, ATTORNEY AT LAW, P.C., and
PROFESSIONAL BILLING SERVICES,

      Defendants.
------------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 22 2013 ★
BROOKLYN OFFICE

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
11-CV-06364 (CBA) (RML)

AMON, Chief United States District Judge.

  On December 30, 2011, plaintiffs Allstate Insurance Company, Allstate Indemnity Company, Allstate Property & Casualty Company, and Deerbook Insurance Company (collectively, "Allstate") commenced this action against defendants Gerard M. Tanella, Gregory Spektor, Inna Lyubronetskaya, Gerard M. Tanella, Attorney at Law, P.C. ("Tanella P.C."), and Professional Billing Services. Allstate brings two claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c)-(d), as well as state law claims for fraud, unjust enrichment, and unfair and deceptive business acts. On April 16, 2012, defendant Spektor moved to dismiss the complaint for failure to state a claim, a motion that defendants Lyubronetskaya and Professional Billing Services subsequently joined on May 7, 2012.

  Currently before the Court is the thorough and persuasively reasoned Report & Recommendation ("R&R") issued by Magistrate Judge Robert M. Levy on August 28, 2012,

1

which recommends that the Court grant defendants' motion to dismiss in its entirety. Allstate filed timely objections to the R&R's recommendation that its RICO claims be dismissed.

When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). When specific objections are made, however, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

The Court has conducted a de novo review of the RICO claim analysis and considered Allstate's objections. The Court finds those objections unavailing for the same reasons set forth in the R&R. Neither party has objected to the R&R's recommendation to dismiss Allstate's remaining state law claims, and the Court has found no clear error on the face of the record. Accordingly, the Court grants defendants' motion to dismiss the complaint in its entirety. Allstate's RICO claims are dismissed with prejudice. The Court, furthermore, declines to exercise jurisdiction over the remaining state law claims and dismisses them without prejudice. The Clerk of Court is directed to terminate all pending motions, enter judgment accordingly, and close the case.

SO ORDERED.

Dated: Brooklyn, New York
February 21, 2013

s/Carol Bagley Amon
Carol Bagley Amon
Chief United States District Judge